IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CITIZENS OF WISCONSIN,
UNITED STATES OF AMERICA, ex rel.,
ALAN DAVID McCORMACK,
CITIZENS FOR EQUAL JUSTICE,

                                                  ORDER

            Plaintiffs,

                                                09-cv-574-slc[1]

    v.

RICK RAEMISCH, Secretary;
WISCONSIN DEPARTMENT OF CORRECTIONS;
ALL NAMED AND UNNAMED WARDENS,
SUPERINTENDENTS, DIRECTORS,
ADMINISTRATORS, AGENTS AND
DESIGNEES, et al.,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This action was commenced when the court received a document labeled "Criminal and Civil Complaint," signed by plaintiff Alan David McCormack and by Ellen Teed, chairperson of plaintiff Citizens for Equal Justice. On September 22, 2009, Magistrate Judge

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. For the purpose of issuing this order I am assuming jurisdiction over these cases.

Stephen Crocker instructed plaintiff McCormack to submit a copy of his prison trust fund account. In response, plaintiff McCormack stated that he did not intend to commence a civil action against defendants. Instead, he filed the document to "alert[] all branches of government, of these on-going and intentional violations of criminal and civil statutes, by this very organized governmental criminal enterprise." He asked the court to "contact the U.S. Attorney General, U.S. Dept. Of Justice, and the Federal Bureau of Investigations, and make a formal request to investigate these activities."

In an October 20, 2009 order, Magistrate Judge Crocker informed plaintiff McCormack that it is not this court's function to ask the Department of Justice to investigate potential criminal wrongdoing; if plaintiff wanted the department to conduct an investigation, he should make that request himself directly. Magistrate Judge Crocker construed plaintiff McCormack's submission as a notice of voluntary dismissal and dismissed him from the case. He also gave the remaining plaintiff, Citizens for Equal Justice, an opportunity to inform the court whether it wanted to pursue the case, but noted that because it appeared that Ellen Teed was not a lawyer, she could not sign plaintiff's submissions. Also, plaintiff Citizens for Equal Justice could not proceed in forma pauperis and would have to pay the $350 filing fee.

Plaintiff Citizens for Equal Justice has not responded. However, plaintiff McCormack has filed a response to the October 20, 2009 order, stating that his earlier submission was

2

not a notice of voluntarily dismissal. Further, he states that this court's insistence that plaintiffs pay filing fees for this action shows the court "[is] more interested in $350.00 than in the Interest of Justice" and seeks to "punish the Plaintiffs for reporting these crimes." Plaintiff McCormack continues to misunderstand the role of this court in criminal proceedings. As Magistrate Judge Crocker explained in his October 20, 2009 order, this court has no authority to launch investigations into criminal wrongdoing or to ask law enforcement authorities such as the Federal Bureau of Investigation to initiate criminal proceedings. If plaintiff believes that defendants are involved in an ongoing criminal enterprise, he should write the authorities himself. Therefore, to the extent plaintiff McCormack's submission contains a motion to reconsider Magistrate Judge Crocker's October 20, 2009 order dismissing him from the case, that motion will be denied.

Because it remains clear that plaintiff McCormack does not wish to pursue a civil case against defendants, and plaintiff Citizens for Equal Justice has not responded to the court's October 20, 2009 order, I will direct the clerk of court to close this case. As Magistrate Judge Crocker explained in that order, plaintiffs will not owe filing fees for this action because they did not intend to file a civil action.

ORDER

IT IS ORDERED that

3

1. Plaintiff Alan David McCormack's motion for reconsideration of the October 20, 2009 order dismissing him from the case, dkt. #5, is DENIED.

2. The clerk of court is directed to close this case. Plaintiffs will not owe filing fees for this action.

Entered this 5th day of January, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge